COURT OF APPEALS OF VIRGINIA

Present: Judges McClanahan, Petty and Senior Judge Annunziata
Argued at Alexandria, Virginia


JOSHUA TART

                                              OPINION BY
v.      Record No. 3009-06-4             JUDGE WILLIAM G. PETTY
                                              JULY 15, 2008
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Gaylord L. Finch, Judge

Dawn M. Butorac, Deputy Public Defender, for appellant.

Rosemary V. Bourne, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


A jury convicted the appellant, Joshua Tart, of pandering in violation of Code § 18.2-357.

On appeal, Tart contends the trial court erred by improperly instructing the jury regarding the

elements of the offense. We disagree and affirm Tart's conviction.

I. BACKGROUND

"On appeal, when the issue is a refused jury instruction, we view the evidence in the light

most favorable to the proponent of the instruction." Lynn v. Commonwealth, 27 Va. App. 336,

344, 499 S.E.2d 1, 4-5 (1998), aff'd, 257 Va. 239, 514 S.E.2d 147 (1999).

About a week after sixteen-year-old B.H. met appellant in March 2006, she ran away

from home with him and two other acquaintances. Because the group had no source of income,

B.H. engaged in prostitution to support herself and her companions. Using Tart's computer and

nude photos he took of her, B.H. posted advertisements on the Internet. Clients responded by

email and arranged to meet B.H. in hotel rooms and other places. B.H. relied upon Tart to obtain

the hotel rooms and provide her with transportation to meet the clients. During B.H.'s meetings

with clients, Tart also waited nearby to provide her with any needed protection. The clients paid B.H. for performing sexual intercourse and other acts with them. B.H. earned $600 to $800 per day in the prostitution enterprise.

B.H. gave the money she earned to Tart. She testified that "a lot of the money went to drugs" and alcohol that Tart purchased for their use. Tart also occasionally used the money to pay for the hotel rooms where B.H. met clients; indeed, on the night the police arrested her, B.H. and Tart were staying in such a hotel room. Because B.H. was the sole source of income for the group during the relevant time, Tart also used some of the money that she earned to pay for the group's gasoline expense, food, and lodging.

At the conclusion of the evidence, the trial court gave the Commonwealth's Instruction 11 which told the jury that, to convict Tart of the crime of pandering, the Commonwealth must prove beyond a reasonable doubt that he "knowingly received money or any other valuable thing from the earnings of [B.H.], a person engaged in prostitution." The trial court refused Tart's proposed Instruction H, which, in addition to the elements included in Instruction 11, told the jury that the Commonwealth must also prove "[t]hat Mr. Tart did not provide any consideration, deemed good and valuable in law."

## II. ANALYSIS

Code § 18.2-357 provides: "Any person who shall knowingly receive any money or other valuable thing from the earnings of any male or female engaged in prostitution, *except for a consideration deemed good and valuable in law*, shall be guilty of pandering, punishable as a Class 4 felony." (Emphasis added). Tart argues that the trial court committed reversible error when it refused his proposed jury instruction which placed the burden on the Commonwealth to prove that he did not give "consideration[] deemed good and valuable in law" in exchange for earnings he received from B.H.'s prostitution. The Commonwealth, in contrast, contends that

- 2 -

the exception language establishes an affirmative defense, rather than an element of the offense. The Commonwealth therefore reasons that the proffered instruction was properly denied. We agree that the trial court correctly denied the instruction and affirm the conviction.

A.

"It is elementary that the burden is on the Commonwealth to prove every essential element of the offense beyond a reasonable doubt." Powers v. Commonwealth, 211 Va. 386, 388, 177 S.E.2d 628, 629 (1970). "This fundamental precept has been the bedrock of Virginia's criminal jurisprudence since the inception of this Commonwealth." Bishop v. Commonwealth, 275 Va. 9, 12, 654 S.E.2d 906, 908 (2008). "An affirmative defense," however, raises "a separate issue which may carry a separate burden of proof." Ronald J. Bacigal, Criminal Procedure § 17.28 (2007-2008 ed.). It is well settled that a criminal defendant may be required to bear all or part of the burden in establishing an affirmative defense "once the facts constituting a crime are established beyond a reasonable doubt . . . ." New York v. Patterson, 432 U.S. 197, 206 (1977).

In Virginia, a criminal defendant typically bears the burden of "producing evidence in support of [an affirmative defense] sufficient to raise a reasonable doubt of [his or her] guilt." Regular Veteran's Assoc., Ladies Auxiliary v. Commonwealth, 18 Va. App. 683, 688, 446 S.E.2d 621, 624 (1994) (citing McGhee v. Commonwealth, 218 Va. 560, 562, 248 S.E.2d 808, 810 (1978)).[1] As is the case with any defense, "a defendant may shoulder this burden of

_____

[1] We note, however, that there is no uniform rule in Virginia regarding the burden of persuasion for affirmative defenses. Instead, the determination of which party has the burden of persuasion turns on which affirmative defense is being asserted. Compare Simopolous v. Commonwealth, 221 Va. 1059, 1069, 277 S.E.2d 194, 200 (1981) (holding that a defendant charged with a violation of Virginia's abortion regulation must "invoke[]" the affirmative defense of medical necessity, but that the Commonwealth "has the burden of negating [the defense] beyond a reasonable doubt[]"), aff'd, 462 U.S. 506, 510 (1983), with McGee v. Commonwealth, 219 Va. 560, 561, 248 S.E.2d 808, 809 (1978) (rejecting the appellant's argument that she was entitled to a jury instruction stating that the Commonwealth "ha[d] the

- 3 -

production by pointing to evidence adduced during the government's case, by introducing evidence to his own behoof, by relying on some combination of the foregoing, or otherwise by reference to any probative material in the record." United States v. Rodriguez, 858 F.2d 809, 814 (1st Cir. 1988). However, once the defendant meets that burden, the Commonwealth, retaining the ultimate burden of persuasion, may be required to disprove the defense. See Simopolous v. Commonwealth, 221 Va. 1059, 1069, 277 S.E.2d 194, 200 (1981), aff'd, 462 U.S. 506 (1983).

Jury instructions, like those at issue here, play a critical role in criminal trials. Jury instructions must "set forth the essential elements of the crime" as they exist in "the definition of the crime"—whether the definition is codified in a statute or is found in the common law. Darnell v. Commonwealth, 6 Va. App. 485, 488-89, 370 S.E.2d 717, 719 (1988). "Unless those elements are defined by instructions available to the members of the jury during their deliberation, they cannot properly determine whether the Commonwealth has carried its burden" of proving each element of the crime beyond a reasonable doubt. Dowdy v. Commonwealth, 220 Va. 114, 116, 225 S.E.2d 506, 508 (1979). Accordingly, an instruction's proper delineation of the elements of the offense is vital to a criminal defendant and is "one of the 'essentials of a fair trial.'" Darnell, 6 Va. App. at 488, 370 S.E.2d at 719 (quoting Dowdy, 220 Va. at 116, 255 S.E.2d at 508).

Finally, "both the Commonwealth and the defendant are entitled to appropriate instructions telling the jury the law applicable to each version of the case, provided such instructions are based upon the evidence adduced." Banner v. Commonwealth, 204 Va. 640, 645-46, 133 S.E.2d 305, 309 (1963) (citing Jones v. Commonwealth, 187 Va. 133, 144-45, 45

---

burden of disproving beyond all reasonable doubt [her] affirmative plea of self defense[]"). See also Charles E. Friend, The Law of Evidence in Virginia § 9-11 (6th ed. 2003) (discussing situations in which a criminal defendant has the burden to establish a defense.

- 4 -

S.E.2d 908, 913 (1948); <u>Wade v. Commonwealth</u>, 202 Va. 117, 123-24, 116 S.E.2d 99, 103 (1960)).  Thus, a criminal defendant is entitled to have the jury instructed on his or her theory of defense when the evidence in the record supports the defense and when the defendant has proffered an instruction that correctly states the law.  <u>Delacruz v. Commonwealth</u>, 11 Va. App. 335, 338, 398 S.E.2d 103, 105 (1990) (citing <u>Painter v. Commonwealth</u>, 210 Va. 360, 365, 171 S.E.2d 166, 168 (1969)).  It is reversible error for a trial court to refuse to grant such an instruction.  <u>Commonwealth v. Sands</u>, 262 Va. 724, 729, 553 S.E.2d 733, 736 (2001) (citing <u>Commonwealth v. Donkor</u>, 256 Va. 443, 445, 507 S.E.2d 75, 76 (1998)).

B.

The language of Code § 18.2-357 contains an exception.  A qualification, exception, or exemption in a statute may be construed as an element of the offense that the prosecution must disprove.  <u>See</u> <u>United States v. Vuitch</u>, 402 U.S. 62, 70 (1971) (construing a District of Columbia abortion statute as placing "the burden . . . on the prosecution to plead and prove that an abortion was *not* necessary for the preservation of the mother's life or health" (emphasis added) (internal quotation marks omitted)).  If the exception language at issue constitutes an element of the offense, the trial court was required to instruct the jury accordingly.  <u>Darnell</u>, 6 Va. App. at 488, 370 S.E.2d at 719.

On the other hand, an exception may also be construed as a "statutory defense, which the accused can assert to defeat the *prima facie* case of the prosecution."  <u>Mayhew v. Commonwealth</u>, 20 Va. App. 484, 490, 458 S.E.2d 305, 307 (1995).  If the exception in Code § 18.2-357 constitutes an affirmative defense, Tart was only entitled to an instruction on it if "there [was] evidence in the record to support [his] theory of the defense" and if his proffered instruction correctly stated the law.  <u>Delacruz</u>, 11 Va. App. at 338, 398 S.E.2d at 105.

In Saunders v. Commonwealth, 186 Va. 1000, 1006, 45 S.E.2d 307, 311 (1947),[2] our Supreme Court discussed what is now Code § 18.2-357[3] in the context of an appeal regarding whether an indictment for pandering was at variance with the statute. The Court discussed the elements of the offense of pandering and stated:

> The statute pronounces the crime when a person knowingly receives money from the earnings of a prostitute except for a good or valuable consideration. The character of the consideration becomes important only when evidence is offered that there was consideration. *If such evidence is offered*, the Commonwealth would have to show that the consideration was not good or valuable . . . .

Id. (emphasis added).

Based on our Supreme Court's construction of the statute in Saunders, we conclude that the exception language in Code § 18.2-357 creates an affirmative defense that places the burden of production on the defendant to show that there was some consideration given in exchange for the earnings of the prostitute. Id.; see also Regular Veterans Assoc., 18 Va. App. at 688, 446 S.E.2d at 624 (Where a statute "defines completely the offense . . . and its required elements of proof[, n]egation of circumstances invoking [an exception] is not one of those elements. [Instead, the accused bears] the burden of producing evidence" placing him within the exception.). Once the defendant satisfies this burden of production, the Commonwealth then

---

[2] Saunders involved a challenge to an indictment for pandering. 186 Va. at 1004, 45 S.E.2d at 310. On appeal, Saunders argued that the language of the indictment was at variance with the language of the statute. Id. The Court held that the indictment was proper because it "inform[ed] the accused of the cause and nature of the charge against him." Id. at 1005, 45 S.E.2d at 311 (citation and internal quotation marks omitted). The Court then went on to discuss the character of the exception language and the respective burdens of the Commonwealth and the defense, as quoted above. Id. at 1005-06, 45 S.E.2d at 311.

[3] At that time, pandering was criminalized by then Code § 4579, stating in pertinent part "that the offense is committed when any person 'shall knowingly receive any money or other valuable thing from the earnings of any female engaged in prostitution, except for a consideration deemed good or valuable in law." Saunders, 186 Va. at 1002, 45 S.E.2d at 309 (quoting Code § 4579).

bears the burden of proving beyond a reasonable doubt that the consideration was not "good and valuable." Saunders, 186 Va. at 1006, 45 S.E.2d at 311; see also Simopolous, 221 Va. at 1069, 277 S.E.2d at 200.

## C.

Because the exception language in Code § 18.2-357 is not an element of the offense, but rather an affirmative defense, Tart was required to satisfy his burden of producing or pointing to evidence that would allow him to invoke the exception. In other words, before he would have been entitled to Jury Instruction H, Tart was required to establish that he provided something that the law deems consideration. Because Tart failed to meet that threshold burden, the trial court did not err by refusing Jury Instruction H. Cf. Sands, 262 Va. at 729, 553 S.E.2d at 736.

Virginia has long recognized that "consideration must not only be valuable; but it must be a lawful consideration, and not repugnant to law, or sound policy, or good morals." Burke v. Shaver, 92 Va. 345, 347, 23 S.E. 749, 749 (1895) (internal quotation marks and citations omitted). Here, B.H. testified that when she turned her earnings over to Tart, he used the money to purchase illegal drugs and alcohol that he, in turn, provided to B.H. He also used the money to pay for the hotel rooms in which B.H. engaged in prostitution and to pay other expenses associated with the prostitution enterprise – such as B.H.'s food, lodging, and transportation costs. There is no question that whatever Tart gave to B.H. in exchange for her earnings was either provided to further her prostitution (food, lodging, transportation) or was otherwise illegal (illicit drugs and alcohol given to a minor). Accordingly, none of this constituted consideration as a matter of law. Tart, therefore, failed to establish that he was entitled to have the jury resolve the issue of whether the alleged *quid pro quo* he provided was "good and valuable." [4]

---

[4] Because we decide that there was no evidence in the record to support Tart's proffered instruction, we need not consider whether the instruction properly stated the law.

## III.  CONCLUSION

Based on this analysis, we conclude that the evidence did not support Tart's proposed Instruction H and that the trial court properly refused it.  Therefore, we affirm.

<u>Affirmed.</u>