COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Frank and Petty
Argued at Richmond, Virginia


TONY A. RIVENBARK

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1970-07-4                      JUDGE ROBERT P. FRANK
                                                         JUNE 2, 2009
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                              William T. Newman, Jr., Judge

            Amy K. Stitzel, Assistant Public Defender (Edward F. C. Gain, Jr.,
            Assistant Public Defender; Office of the Public Defender, on briefs),
            for appellant.

            Gregory W. Franklin, Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        Tony Rivenbark, appellant, was convicted, in a jury trial, of driving under suspension, in

violation of Code § 46.2-301.  On appeal, he contends the trial court erred in refusing to grant an

instruction that he drove within the conditions of a valid restricted operator's license.  For the

reasons stated, we reverse the judgment of the trial court.

                                     BACKGROUND[1]

        In reviewing the trial court's refusal to grant a proffered jury instruction, we view the

evidence in the light most favorable to appellant.  Boone v. Commonwealth, 14 Va. App. 130,

131, 415 S.E.2d 250, 251 (1992).

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] The parties submitted a written statement of facts in lieu of a transcript, pursuant to
Rule 5A:8(c).

So viewed, on May 2, 2006, appellant's license was suspended under Code § 18.2-259.1 by order of Arlington County Circuit Court for a period of six months, beginning May 12, 2006 and ending November 7, 2006. In the same order, pursuant to Code §§ 18.2-259.1(C) and 18.2-271.1(E), appellant was given a restricted operator's license, allowing appellant to drive to and from his place of employment, to and from an Arlington County alcohol safety action program (ASAP), and travel during his hours of employment. Nevertheless, the restricted privilege to drive would expire sixty days from May 2, 2006, the date of the order, if the court order was "not accompanied by a restricted license issued by the Virginia Department of Motor Vehicles or by [appellant's] home state license if [appellant is] not a Virginia resident." Additionally, the order required appellant to notify the circuit court, the Department of Motor Vehicles, and ASAP of any change of address.

On July 19, 2006, Officer Robert Wright of the Arlington County Police Department and appellant appeared at the Arlington County General District Court for trial of an earlier, unrelated charge of driving under suspension brought by Officer Wright. At the time of the earlier offense, Wright had given appellant a written advisement that his operator's license was suspended.

Appellant's case was continued, and Wright, at the courthouse, again reminded appellant he was still under suspension and he should not drive. Appellant responded that he had a valid restricted license. Appellant left the courthouse, and Wright observed appellant drive away. Wright then obtained a warrant for appellant, charging him with driving on a suspended license.

During the jury trial on this charge, the Commonwealth produced appellant's DMV record that indicated appellant was under suspension, with a restricted license. The May 2, 2006 circuit court order was also admitted into evidence.

Wright testified appellant's restricted operator's license, under the terms of the circuit court order, prematurely expired by July 19, 2006, the date of the instant offense, since appellant never obtained (within sixty days of the date of the order) a "hard" restricted operator's license from DMV, or from his home state, if he was not a resident of Virginia. Wright testified appellant never obtained the "hard" license from Virginia DMV. Thus, Wright concluded, appellant did not have a valid restricted operator's license on July 19, 2006, the date of the instant offense.

On cross-examination, Wright testified he was unaware of appellant's destination when he saw him drive away from the courthouse, nor was he aware if appellant went to the ASAP office located in the courthouse building.

Appellant testified he owned and operated a vending machine business. This business required that he travel extensively to service the vending machines he placed in locations throughout Northern Virginia. This travel was necessary to restock and collect money from the machines.

Appellant testified that on July 19, 2006, he drove to the County's Commissioner of Revenue's office to obtain tax information pertaining to his business. He then walked to the courthouse for his case involving Wright. Appellant acknowledged speaking to Wright, disagreeing with him that he could not drive. Afterwards, appellant spoke to someone in the circuit court clerk's office and ASAP, inquiring about the status of his operator's license. From these inquiries, appellant felt confident he could continue to drive.

Appellant then left the courthouse and drove to Crystal City to restock his vending machines. Appellant further testified after the suspension order, he moved to Delaware and was issued an operator's license there. Appellant stated on July 19, 2006, he had in his possession

- 3 -

the circuit court order and the Delaware license. However, appellant never produced the Delaware license.

Throughout the trial, appellant never challenged he was under suspension. His defense was that he was driving under a valid restricted operator's license, within the conditions of restrictions, and within the expiration date of the license. Specifically, he contended there was no premature expiration since he possessed a valid Delaware operator's license and was in compliance with the circuit court order.

The trial court granted the Commonwealth's finding instruction, that, *inter alia*, included the following elements: (1) appellant was driving a motor vehicle on a highway; (2) appellant's license was suspended; and (3) appellant knew his license was suspended.

The trial court refused[2] appellant's Instruction No. A that stated:

### Instruction No. A[3]

> If you find that Tony Rivenbark was issued a restricted driver's license, and that at the time of the alleged offense the restricted license was valid and he was driving within the terms of said restricted license, then you shall find him not guilty.

The Commonwealth opposed this instruction because Code § 46.2-301, the statute under which appellant was charged, makes no mention of a restricted license.[4] Thus, the

---

[2] The record does not reflect the trial court's reason for refusing this instruction.

[3] A finding instruction submitted by appellant that addressed the restricted license was refused by the trial court but is not subject to this appeal.

[4] Code § 46.2-301 provides in relevant part:

> B. Except as provided in §§ 46.2-304 and 46.2-357, no resident or nonresident (i) whose driver's license, learner's permit, or privilege to drive a motor vehicle has been suspended or revoked or (ii) who has been directed not to drive by any court or by the Commissioner, or (iii) who has been forbidden, as prescribed by operation of any statute of the Commonwealth or a substantially similar ordinance of any county, city or town, to operate a motor

- 4 -

Commonwealth argued, any mention of a restricted license is irrelevant. Appellant countered by arguing a valid restricted license is an affirmative defense to a charge of driving under suspension.

Appellant was convicted of driving under suspension. This appeal follows.

ANALYSIS

On appeal, appellant maintains there was sufficient evidence to support his instruction addressing a restricted operator's license. Specifically, he argues there was evidence he was driving with a valid restricted operator's license, that he had a valid Delaware "hard" operator's license, and that he was operating his vehicle within the conditions of the restricted operator's license. The Commonwealth counters by contending there was not a "scintilla" of evidence to indicate appellant had a valid restricted operator's license since it had expired due to appellant's failure to obtain a "hard" operator's license issued by Virginia DMV or any other state, along with appellant's failure to notify DMV of his change of address.[5]

"'[B]oth the Commonwealth and the defendant are entitled to appropriate instructions telling the jury the law applicable to each version of the case, provided such instructions are based upon the evidence adduced.'" Tart v. Commonwealth, 52 Va. App. 272, 278, 663 S.E.2d 113, 116 (2008) (quoting Banner v. Commonwealth, 204 Va. 640, 645-46, 133 S.E.2d 305, 309 (1963)). Thus, a criminal defendant is entitled to have the jury instructed on his or her theory of

---

vehicle in the Commonwealth shall thereafter drive any motor vehicle or any self-propelled machinery or equipment on any highway in the Commonwealth until the period of such suspension or revocation has terminated or the privilege has been reinstated. A clerk's notice of suspension of license for failure to pay fines or costs given in accordance with § 46.2-395 shall be sufficient notice for the purpose of maintaining a conviction under this section.

[5] The Commonwealth does not argue appellant drove outside of the conditions of the restricted operator's license but only he had no valid restricted operator's license.

defense when the evidence in the record supports the defense and when the defendant has proffered an instruction that correctly states the law. Delacruz v. Commonwealth, 11 Va. App. 335, 338, 398 S.E.2d 103, 105 (1990). "It is reversible error for a trial court to refuse to grant such an instruction." Tart, 52 Va. App. at 278, 663 S.E.2d at 116.

Because the trial court refused to grant the instruction proffered by the accused, we view the facts in the light most favorable to the defendant. Commonwealth v. Alexander, 260 Va. 238, 240, 531 S.E.2d 567, 568 (2000). However, an instruction is proper only if supported by more than a scintilla of evidence. Commonwealth v. Donkor, 256 Va. 443, 445, 507 S.E.2d 75, 76 (1998). If the instruction is not applicable to the facts and circumstances of the case, it should not be given. Commonwealth v. Sands, 262 Va. 724, 729, 553 S.E.2d 733, 736 (2001).

"In evaluating whether the trial court erred in failing to grant an instruction, the appellate courts review the record for 'affirmative evidence' that supports the instruction, rather than basing the review upon 'the jury's ability to reject evidence that is uncontroverted.'" Hughes v. Commonwealth, 43 Va. App. 391, 403, 598 S.E.2d 743, 748 (2004) (quoting Commonwealth v. Vaughn, 263 Va. 31, 37, 557 S.E.2d 220, 223 (2002)).

"As a general rule, the matter of granting and denying instructions does rest in the sound discretion of the trial court." Cooper v. Commonwealth, 277 Va. 377, 381, 673 S.E.2d 185, 187 (2009).

The issue before the trial court, and before this Court as well, is whether appellant had a valid restricted license on July 19, 2006. The Commonwealth contends that since the license had expired, appellant drove with a suspended operator's license and therefore the jury should not have been instructed on whether he had a valid restricted operator's license.

The Commonwealth points to several facts that prove appellant had no valid restricted license: (1) Virginia DMV never issued a "hard" license as is required by the circuit court order

and by statute[6]; (2) appellant never notified DMV of any change of address, particularly that he moved to Delaware, and, in fact, the summons issued on July 19, 2006 indicated a Virginia address; (3) appellant was a resident of Virginia at the time of the subject offense; and (4) appellant did not have a Delaware operator's license.

Whether appellant had a valid restricted operator's license is premised on whether he was a resident of Delaware, and whether he had a "hard" Delaware operator's license. These are factual determinations to be made by the fact finder, the jury in this case. See Fitzgerald v. Commonwealth, 249 Va. 299, 305, 455 S.E.2d 506, 510 (1995) ("'[I]t is the office of the judge to respond as to the law, and the jury as to the facts, and few rules are more essential in the administration of justice.'" (quoting Brown v. Commonwealth, 86 Va. 466, 471, 10 S.E. 745, 747 (1890))). As stated above, the Commonwealth rests its argument on the trial court making these factual findings. If appellant is to be believed, he was a resident of Delaware and had a valid Delaware "hard" operator's license. Appellant's sole defense was that he had a valid restricted operator's license on July 19, 2006 and that he drove within the conditions of the restricted license.

We conclude there is more than a "scintilla" of evidence to support appellant's Instruction No. A, particularly in light of the DMV abstract that indicated appellant had a restricted license. In addition, appellant testified that he moved to Delaware and that he had a valid Delaware operator's license. He further stated he was driving within the restrictions of the restrictions set forth in the court order. It is the jury's province to weigh the credibility of appellant's testimony. See Lynn v. Commonwealth, 27 Va. App. 336, 351, 499 S.E.2d 1, 8 (1998) ("In a jury trial, the credibility of the witnesses and the weight accorded to their testimony are matters solely within the province of the jury.").

---

[6] Appellant does not claim he was issued a "hard" license by Virginia DMV.

The evidence here, when viewed in the light most favorable to appellant, supported an instruction on a restricted operator's license.

The Commonwealth contends appellant's failure to notify DMV of a change of address invalidated the restricted operator's license. Essentially, the Commonwealth argues that failure to notify DMV of a change of address is a self-executing termination of the restricted license. However, Code § 18.2-271.1, which governs the monitoring of suspended and restricted licenses, defeats the Commonwealth's argument. Code § 18.2-271.1(F) provides in relevant part:

> The court shall have jurisdiction over any person entering [an ASAP program] under any provision of this section until such time as the case has been disposed of by either successful completion of the program, or revocation due to ineligibility or violation of a condition or conditions imposed by the court, whichever shall first occur. *Revocation proceedings shall be commenced by notice to show cause why the court should not revoke the privilege afforded by this section.* Such notice shall be made by first-class mail to the last known address of such person, and shall direct such person to appear before the court in response thereto on a date contained in such notice, which shall not be less than 10 days from the date of mailing of the notice. Failure to appear in response to such notice shall of itself be grounds for revocation of such privilege.

(Emphasis added). Thus, alleged violations of a restricted permit must be initiated by a show cause order and be adjudicated by the court. Given the language of this statute, appellant's failure to notify DMV of his change of address did not automatically invalidate his restriction.

Since there was more than a scintilla of evidence to support appellant's Instruction No. A, the trial court erred in not granting that instruction. We reverse appellant's conviction and remand to the trial court for additional proceedings consistent with this opinion if the Commonwealth be so advised.

Reversed and remanded.