COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Humphreys and Petty
Argued at Richmond, Virginia

ANTONIO MASON

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2188-08-1              JUDGE WILLIAM G. PETTY
                                                         MARCH 2, 2010

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr., Judge

Jessica M. Bulos, Assistant Appellate Defender (Office of the
Appellate Defender, on briefs), for appellant.

Susan M. Harris, Assistant Attorney General (William C. Mims,
Attorney General, on brief), for appellee.


On June 25, 2008, Antonio Mason, appellant, was convicted of possession of cocaine

with the intent to distribute in violation of Code § 18.2-248; possession with the intent to

distribute more than one-half ounce, but less than five pounds of marijuana in violation of Code

§ 18.2-248.1; and possession of a firearm after being previously convicted of a violent felony in

violation of Code § 18.2-308.2.  Mason argues on appeal that the evidence was insufficient to

prove that he constructively possessed the cocaine.  For the following reasons, we agree and

reverse his conviction under Code § 18.2-248.

I. BACKGROUND

Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite only those facts and incidents of

the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On appeal, we view those facts and incidents in the "light most favorable" to the prevailing party below, the Commonwealth, Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003), and we grant to that party all fair inferences flowing therefrom. Coleman v. Commonwealth, 52 Va. App. 19, 21, 660 S.E.2d 687, 688 (2008).

Police investigators obtained search warrants for two residences connected with Antonio Mason because they suspected that he was selling marijuana and cocaine.[1] One apartment was located on Newport Avenue, and the other was located on Bellamy Avenue. According to Investigator R.A. Stocks, Mason appeared to live at the Bellamy Avenue apartment but spent most of his days at the Newport Avenue apartment. Both residences were leased to individuals other than Mason.

When the police executed the search warrant at the Newport Avenue apartment, they saw Mason and Lakita Bynum standing in a common hallway outside of the apartment. At their feet, Investigator Stocks saw "some United States Currency and a small quantity of marijuana on the ground . . . ." Inside the Newport Avenue apartment, the officers found a total of $850, several bags of marijuana, a digital scale, a plastic bag with five individually wrapped crack cocaine rocks, a corner of a plastic bag containing cocaine, a $1 bill with cocaine powder residue, a razor blade, and a clear plastic bag with a large chunk of cocaine. Roberta McFadden—the person to whom the Newport Avenue apartment was leased—was the only person present inside the apartment when the search warrant was executed. The officers did not find any physical evidence that linked Mason to cocaine found within the apartment.

After another officer told Investigator Stocks that narcotics were in the house, Stocks arrested both Bynum and Mason. When confronted with the fact that narcotics were in the

---

[1] Mason was also charged with possession of marijuana with the intent to distribute. We declined to grant his petition for appeal on that charge and, therefore, it is not before us.

apartment, Mason stated that "he did sell a little bit of marijuana." Stocks searched Mason and found nothing illegal on his person.

In the Bellamy Avenue apartment, the officers found several bags of marijuana and several firearms, but no cocaine. In addition, the officers found a picture of Kendra Sessoms—the only lessee of the Bellamy Avenue apartment—and Mason in the master bedroom and two pieces of mail with Mason's name on them but mailed to a different address.

Mason moved to strike the Commonwealth's evidence because the Commonwealth failed to prove actual or constructive possession of the cocaine found in the Newport Avenue apartment. The court overruled the motion and convicted Mason of possession of cocaine with the intent to distribute. This appeal followed.

## II. ANALYSIS

Mason argues that the evidence was insufficient to prove that he constructively possessed cocaine and, therefore, the trial court erred in convicting him of possession with the intent to distribute cocaine. "It is elementary that the burden is on the Commonwealth to prove every essential element of the offense beyond a reasonable doubt. This fundamental precept has been the bedrock of Virginia's criminal jurisprudence since the inception of this Commonwealth." Tart v. Commonwealth, 52 Va. App. 272, 276, 663 S.E.2d 113, 115 (2008) (internal quotation marks and citations omitted). "When considering the sufficiency of the evidence presented below, we presume the judgment of the trial court to be correct and reverse only if the trial court's decision is plainly wrong or without evidence to support it." Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (internal quotation marks and citations omitted); see Code § 8.01-680. Nonetheless, we hold that the evidence was insufficient to prove that Mason actually or constructively possessed cocaine.

The Commonwealth was required to prove beyond a reasonable doubt that Mason "'intentionally and consciously possessed' the [cocaine], either actually or constructively, with knowledge of its nature and character, together with the intent to distribute it." Wilkins v. Commonwealth, 18 Va. App. 293, 298, 443 S.E.2d 440, 444 (1994) (internal citations and quotation marks omitted). Even viewing the facts in the light most favorable to the Commonwealth, clearly Mason did not actually possess cocaine. Thus, to secure a conviction under Code § 18.2-248, the Commonwealth must prove that Mason constructively possessed cocaine.

"To support a conviction based upon constructive possession, 'the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.'" Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)); see also Haskins v. Commonwealth, 44 Va. App. 1, 6, 602 S.E.2d 402, 404 (2004). "'An accused's mere proximity to an illicit drug, however, is not sufficient to prove possession.'" Jordan v. Commonwealth, 273 Va. 639, 645, 643 S.E.2d 166, 170 (2007) (quoting Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 872 (1998)); accord Wilson v. Commonwealth, 272 Va. 19, 27, 630 S.E.2d 326, 330 (2006); Drew, 230 Va. at 473, 338 S.E.2d at 845. "Nor does an accused's ownership or occupancy of the premises or vehicle where an illegal drug is found create a presumption of possession." Jordan, 273 Va. at 645-46, 643 S.E.2d at 170.

In Drew, our Supreme Court held that, as a matter of law, the evidence was insufficient to establish that Drew constructively possessed cocaine. Drew, 230 Va. at 474, 338 S.E.2d at 846. In that case, the police observed twenty-two people enter and exit a dwelling unit. Id. at 472,

338 S.E.2d at 845. When the police returned with a search warrant, Drew was standing in the street near the dwelling but he was not in the house. Id. While there were documents that established that Drew claimed the dwelling as his residence, the Court stated that "such evidence, though relevant, raises no presumption that he knowingly or intentionally possessed a controlled substance found there." Id. Further, the Court stated that there was "no evidence of statements or conduct which tend to show that Drew was aware of the presence of cocaine in the dwelling." Id. at 473, 338 S.E.2d at 845.

We believe that the analysis in Drew directly controls this case. Here, Mason was outside the Newport Avenue apartment in the common hallway when the officers executed the search warrant. There was no evidence establishing a proprietary interest in the apartment nor was there any evidence linking Mason to the apartment such as items of clothing, mail, or other documents with his name. The officers testified that they observed Mason enter the apartment several times, but never stated when those visits occurred. Further, the officers never stated when Mason was last seen entering the apartment. There was no evidence that Mason had been inside the apartment the day of his arrest. Nor was there any evidence that he knew cocaine was inside. Moreover, even though the officers testified that they conducted three controlled buys of marijuana, there was no testimony that Mason was present during those purchases or that cocaine was present during those times.

The bag of marijuana and cash found by Mason's feet, his statement that he sold some marijuana, and the quantity of marijuana found at the Bellamy Avenue apartment may have been sufficient to prove that he constructively possessed that marijuana with the intent to sell it. But none of those three pieces of evidence connects Mason to the cocaine located inside the Newport Avenue apartment.

It seems the only evidence that links Mason to the cocaine inside the Newport Avenue apartment was his proximity to it.[2]  But that, in and of itself, is not sufficient to establish that Mason was aware of both the presence and character of the cocaine or that it was within his dominion and control.  In other words, there is absolutely no evidence establishing that Mason constructively possessed the cocaine found in the Newport Avenue apartment.  As a result, we must reverse his conviction for possession of cocaine with intent to distribute in violation of Code § 18.2-248 because the trial court's judgment was plainly wrong and without evidence to support it.

### III.  CONCLUSION

For the foregoing reasons, we reverse the trial court's judgment.

<u>Reversed and dismissed.</u>

---

[2] In its brief, the Commonwealth states "Investigator Stocks stated police conducted three controlled buys *between Mason and the informant* at the Newport Avenue apartment, once within a month of October 11, 2007, once within two weeks of October 11, 2007 and once within 72 hours of October 11, 2007."  This is a misstatement of the evidence presented to the trial court.  Investigator Stocks actually testified, "[w]e did conduct some PC buys, probably [sic] cause buys, from 3600 Newport Avenue Apartment 4, in the city of Norfolk."  He never testified from whom those buys were made.  In addition, the Commonwealth relies on a search warrant affidavit presented during a motion to suppress, as well as comments made by the trial court in its ruling on the motion.  The Commonwealth's attorney did not introduce the affidavit in evidence at trial, and the court's ruling on the motion to suppress is clearly not evidence that could be considered by the trier of fact.