COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Frank and Kelsey
Argued at Richmond, Virginia


CHRISTOPHER JAMES WILLIAMS

v.      Record No. 0201-10-2

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE ROBERT P. FRANK
DECEMBER 14, 2010


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Michael C. Allen, Judge

Keith N. Hurley (Keith N. Hurley, P.C., on brief), for appellant.

Erin M. Kulpa, Assistant Attorney General (Kenneth T. Cuccinelli,
II, Attorney General, on brief), for appellee.


Christopher James Williams, appellant, was convicted, in a bench trial, of possessing a

controlled drug not obtained by a valid prescription, in violation of Code § 18.2-250.  On appeal,

he contends:  (1) the evidence was insufficient because the Commonwealth failed to prove he

had no valid prescription to obtain the drug; (2) Code § 18.2-263, relied upon by the

Commonwealth, is unconstitutionally vague because it fails to state a standard of proof for the

accused to overcome the government's burden of proof; and (3) that Code § 18.2-263 violates his

due process rights by shifting the Commonwealth's burden to appellant to prove his innocence.

For the reasons stated, we affirm the trial court's judgment.

BACKGROUND

Appellant was in possession of three pills, each containing Oxycodone and

Acetaminophen.  The preparation is a Schedule II prescription drug.  The shape, color, and

manufacturer's markings of the pills were consistent with a pharmaceutical prescription.

Appellant did not contest that he possessed the pills. He filed a pretrial motion to dismiss the charge, arguing that Code § 18.2-263 was unconstitutional.[1] The Commonwealth argued the existence of a valid prescription was an affirmative defense, rather than an element of the offense. The trial court found the statute constitutional and denied appellant's motion to dismiss. Other than the provisions of Code § 18.2-263, the Commonwealth produced no evidence that appellant did not possess a valid prescription. Appellant argues the absence of a valid prescription is an element of the offense and must be proved by the Commonwealth.

ANALYSIS

On appeal, appellant challenges the constitutionality of Code § 18.2-263 on two grounds. First, appellant contends the statute is unconstitutionally vague because it fails to state a standard of proof required for him to prove he had a valid prescription. Second, he argues the statute violates the Due Process Clause of both the United States and Virginia Constitutions by shifting the burden to appellant to prove his innocence. Appellant, assuming the statute is unconstitutional, then challenges the sufficiency of the evidence, because without the benefit of Code § 18.2-263, the Commonwealth did not prove he had no valid prescription to possess the

---

[1] Code § 18.2-250(A) provides in pertinent part:

It is unlawful for any person knowingly or intentionally to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by the Drug Control Act (§ 54.1-3400 et seq.).

Code § 18.2-263 provides:

In any complaint, information, or indictment, and in any action or proceeding brought for the enforcement of any provision of this article or of the Drug Control Act (§ 54.1-3400 et seq.), it shall not be necessary to negative any exception, excuse, proviso, or exemption contained in this article or in the Drug Control Act, and the burden of proof of any such exception, excuse, proviso, or exemption shall be upon the defendant.

pills.  As the constitutionality of Code § 18.2-263 is dispositive of the sufficiency argument, we will first address the constitutionality of that statute.

<u>Vagueness</u>

Appellant notes that while Code § 18.2-263 allocates the burden of proof to the accused to prove he had a valid prescription, it does not indicate whether that burden is by preponderance of the evidence, or beyond a reasonable doubt.  Appellant concludes a person of ordinary intelligence would not know what standard of proof is required.  Therefore, he posits, this ambiguity could encourage arbitrary and discriminatory enforcement.

The Commonwealth responds that because appellant never argued this issue to the trial court and because the trial court never ruled on the vagueness issue, we cannot review this argument.[2]  We agree.

Because appellant did not obtain a ruling from the trial court on his pretrial motion, "there is no ruling for [this Court] to review" on appeal, and his argument is waived under Rule 5A:18.  <u>Fisher v. Commonwealth</u>, 16 Va. App. 447, 454, 431 S.E.2d 886, 890 (1993).  The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.

Although Rule 5A:18 contains exceptions for good cause or to meet the ends of justice, appellant does not argue these exceptions and we will not invoke them *sua sponte*.  <u>See</u> <u>Edwards v. Commonwealth</u>, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

---

[2] In his motion to dismiss, appellant raised the vagueness challenge but failed to argue vagueness before the trial court.  The sole argument by appellant and the Commonwealth was the due process issue.  The trial court, in denying the motion, did not address the vagueness issue.

Because there was no ruling on the vagueness argument, the argument is waived and we will not consider it on appeal.[3]

Due Process

Appellant also contends that Code § 18.2-263 impermissibly shifts the Commonwealth's burden of proof to him, violating the Due Process Clause of the United States and Virginia Constitutions.

On appeal, we review arguments regarding the constitutionality of a statute *de novo*. Shivaee v. Commonwealth, 270 Va. 112, 119, 613 S.E.2d 570, 574 (2005) (citing Wilby v. Gostel, 265 Va. 437, 440, 578 S.E.2d 796, 798 (2003)). When the constitutionality of a statute is challenged, we are guided by the principle that "'all acts of the General Assembly are presumed to be constitutional.'" Va. Society for Human Life v. Caldwell, 256 Va. 151, 156-57, 500 S.E.2d 814, 816 (1998) (quoting Hess v. Snyder Hunt Corp., 240 Va. 49, 52, 392 S.E.2d 817, 820 (1990)). "Therefore, 'a statute will be construed in such a manner as to avoid a constitutional question wherever this is possible.'" Yamaha Motor Corp. v. Quillian, 264 Va. 656, 665, 571 S.E.2d 122, 127 (2002) (quoting Eaton v. Davis, 176 Va. 330, 339, 10 S.E.2d 893, 897 (1940)).

"This presumption is 'one of the strongest known to the law.'" Boyd v. County of Henrico, 42 Va. App. 495, 507, 592 S.E.2d 768, 774 (2004) (*en banc*) (quoting Harrison v. Day, 200 Va. 764, 770, 107 S.E.2d 594, 598 (1959)). Under the presumption, "courts must 'resolve any reasonable doubt' regarding the constitutionality of a law in favor of its validity." Id. (citations omitted). "'To doubt is to affirm.'" Id. (quoting Peery v. Bd. of Funeral Dirs., 203 Va. 161, 165, 123 S.E.2d 94, 97 (1961)).

---

[3] The Commonwealth argues appellant had no standing to argue vagueness since he was not injured by lack of the statute setting forth the standard of proof. As we have concluded this issue is waived, we need not address standing.

Due process requires the prosecution "to prove beyond a reasonable doubt every fact necessary to constitute the crime charged." Mullaney v. Wilbur, 421 U.S. 684, 685 (1975). Mullaney held that any rule which has the ultimate effect of shifting the burden of persuasion to the accused upon a critical issue is constitutionally infirm. Id. at 701.

In order to resolve whether there is a due process violation in this case, we first must address the threshold issue of whether the absence of a valid prescription is an affirmative defense or a negative element of the offense. If it is the latter, the burden of proof is on the Commonwealth, and it cannot be shifted to the accused.

It is a familiar principle of law that ambiguous penal statutes must be strictly construed against the Commonwealth. Stevenson v. City of Falls Church, 243 Va. 434, 436, 416 S.E.2d 435, 437 (1992). If we are required to apply statutory construction, we will construe a statute to promote the end for which it was enacted, if we may reasonably reach such an interpretation from the language used. VEPCO v. Board of County Supervisors, 226 Va. 382, 387-88, 309 S.E.2d 308, 311 (1983). Therefore, a statute should be read to give reasonable effect to the words used "'and to promote the ability of the enactment to remedy the mischief at which it is directed.'" Mayhew v. Commonwealth, 20 Va. App. 484, 489, 458 S.E.2d 305, 307 (1995) (quoting Jones v. Conwell, 227 Va. 176, 181, 314 S.E.2d 61, 64 (1984)). "'Where a particular construction of a statute will result in an absurdity, some other reasonable construction which will not produce the absurdity will be found.'" Id. (quoting Miller v. Commonwealth, 180 Va. 36, 41, 21 S.E.2d 721, 723 (1942)).

Mayhew also notes:

> When construing penal statutes which contain qualifications, exceptions or exemptions to their application, the limiting language may be viewed as a negative element of the offense which the prosecution must disprove. Alternately, the court may determine that the exemption is a statutory defense, which the accused can assert to defeat the *prima facie* case of the

prosecution. Regular Veterans [Association, Ladies Auxiliary v. Commonwealth], 18 Va. App. [683,] 688, 446 S.E.2d [621,] 624 [(1994)] (. . . [The accused bears] the burden of producing evidence [of the negation of circumstances] sufficient to raise a reasonable doubt of [his] guilt).

In determining whether specific limiting language is an element of the offense or a statutory defense, a court should look both to the intent of the statute as a whole and the ability of the respective parties to assert the existence or absence of the underlying facts sustaining the applicability of the limitation. Accordingly, we should consider

> the wording of the exception and its role in relation to the other words in the statute; whether in light of the situation prompting legislative action, the exception is essential to complete the general prohibition intended; whether the exception makes an excuse or justification for what would otherwise be criminal conduct, i.e., sets forth an affirmative defense; and whether the matter is peculiarly within the knowledge of the defendant.

Commonwealth v.Stoffan, 323 A.2d 318, 324 (Pa. Super. Ct. 1974); See also State v. Williamson, 206 N.W.2d 613, 618 (Wis. 1973) (It is undoubtedly the general rule that the state must prove all the essential facts entering into the description of the offense. But it has been held in many cases that when a negation of a fact lies peculiarly within the knowledge of the defendant it is incumbent on him to establish that fact).

Id. at 489-90, 458 S.E.2d at 307-08 (internal quotations and some citations omitted).

The Supreme Court of Virginia, in Stillwell v. Commonwealth, 219 Va. 214, 218-19, 247 S.E.2d 360, 363 (1978), reviewed the purpose of The Drug Control Act, i.e. the situation prompting legislative action, noting:

> In its enactment of The Drug Control Act the General Assembly recognized that, except in very rare and most unusual cases, there can be no lawful possession, sale or distribution of drugs by anyone, particularly of those drugs classified in Schedules I, II and III . . . . With few exceptions, enumerated by statute, no one can lawfully manufacture, possess, sell or distribute such drugs. . . . The possession of drugs is confined to a small group of professionals who are required to dispense the drugs under

- 6 -

restricted and controlled conditions. By and large, it can be said that the lawful possession of drugs is restricted to licensed manufacturers, licensed pharmacists, and to individuals who have possession as a result of a prescription given by an authorized physician.

The General Assembly recognized that seldom, if ever, except in these authorized instances, could there be any explanation for the sale or possession of drugs.

Clearly, the legislature intended for Virginia's drug laws to rigorously limit possession of Schedule I, II, and III controlled substances.

We next observe that the "valid prescription" exemption of Code § 18.2-250 relates to a fact that would be solely within the knowledge of the accused. If we accept appellant's contention that the Commonwealth must prove appellant had no valid prescription, the offense would be virtually unprovable. Under appellant's theory, to obtain a conviction under the facts of this case, the Commonwealth would be required to prove that no medical professional, wherever located, in this Commonwealth or elsewhere, had prescribed the drug to appellant. This would involve a nationwide search of chain drugstores, as well as independent pharmacies, hospitals, prison infirmaries, etc. Appellant, at oral argument, conceded that such an undertaking would most likely be impossible. The General Assembly clearly did not intend such a result, nor would they enact such an impotent statute.

While we acknowledge the requirement that we strictly construe ambiguous penal statutes against the Commonwealth, Welch v. Commonwealth, 271 Va. 558, 563, 628 S.E.2d 340, 342 (2006), we are also aware "that the plain, obvious, and rational meaning of a statute is always to be preferred to any curious, narrow, or strained construction," Turner v. Commonwealth, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983). Hence, "we will not apply 'an unreasonably restrictive interpretation of the statute' that would subvert the legislative intent

expressed therein." Armstrong v. Commonwealth, 263 Va. 573, 581, 562 S.E.2d 139, 144

(2002) (quoting Ansell v. Commonwealth, 219 Va. 759, 761, 250 S.E.2d 760, 761 (1979)).

Under well-settled law, "'the burden is on the Commonwealth to prove every essential

element of the offense beyond a reasonable doubt.'" Bishop v. Commonwealth, 275 Va. 9, 12,

654 S.E.2d 906, 908 (2008) (quoting Powers v. Commonwealth, 211 Va. 386, 388, 177 S.E.2d

628, 629 (1970)). This fundamental precept has been the bedrock of Virginia's criminal

jurisprudence since the inception of this Commonwealth. Id. "In a criminal case, the defendant

is entitled to an acquittal, unless his guilt is established beyond a reasonable doubt." Savage v.

Commonwealth, 84 Va. 582, 585, 5 S.E. 563, 564 (1888).

> "An affirmative defense," however, raises "a separate issue which
> may carry a separate burden of proof." Ronald J. Bacigal,
> Criminal Procedure § 17.28 (2007-2008 ed.). It is well settled that
> a criminal defendant may be required to bear all or part of the
> burden in establishing an affirmative defense "once the facts
> constituting a crime are established beyond a reasonable doubt
> . . . ." New York v. Patterson, 432 U.S. 197, 206 (1977).
>
> In Virginia, a criminal defendant typically bears the burden of
> "producing evidence in support of [an affirmative defense]
> sufficient to raise a reasonable doubt of [his or her] guilt." Regular
> Veteran's Assoc., Ladies Auxiliary v. Commonwealth, 18 Va.
> App. 683, 688, 446 S.E.2d 621, 624 (1994) (citing McGhee v.
> Commonwealth, 219 Va. 560, 562, 248 S.E.2d 808, 810 (1978)).[4]
> As is the case with any defense, "a defendant may shoulder this
> burden of production by pointing to evidence adduced during the
> government's case, by introducing evidence to his own behoof, by
> relying on some combination of the foregoing, or otherwise by
> reference to any probative material in the record." United States v.
> Rodriguez, 858 F.2d 809, 814 (1st Cir. 1988). However, once the
> defendant meets that burden, the Commonwealth, retaining the
> ultimate burden of persuasion, may be required to disprove the
> defense. See Simopoulos v. Commonwealth, 221 Va. 1059, 1069,
> 277 S.E.2d 194, 200 (1981), aff'd, 462 U.S. 506 (1983).

Tart v. Commonwealth, 52 Va. App. 272, 276-77, 663 S.E.2d 113, 115 (2008).

---

[4] Tart noted "there is no uniform rule in Virginia regarding the burden of persuasion for affirmative defenses." 52 Va. App. at 276 n.1, 663 S.E.2d at 115 n.1.

Under the Mayhew criteria, we hold that requiring the Commonwealth to prove this negative would undermine the general prohibition intended by the legislature. The exception, i.e. a valid prescription, justifies what would otherwise be criminal conduct. The presence of a valid prescription is "peculiarly within the knowledge of the [appellant]." Mayhew, 20 Va. App. at 490, 458 S.E.2d at 308. Thus, we conclude the presence of a valid prescription is an affirmative defense for which the appellant has the burden of going forward with supporting evidence. See id.

People v. Pegenau, 523 N.W.2d 325 (Mich. 1994), while not binding on this Court, offers persuasive reasoning. In Pegenau, appellant was convicted of unlawful possession of Valium and Xanax. The statute at issue was very similar to our Code § 18.2-250, and read, in pertinent part:

> A person shall not knowingly or intentionally possess a controlled substance or an official prescription form or a prescription form unless the controlled substance, official prescription form, or prescription form was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of the practitioner's professional practice . . . .

Id. at 333-34 (emphasis omitted).

The Supreme Court of Michigan held that "the operative words defining the elements of the crime are 'A person shall not knowingly or intentionally possess a controlled substance . . . .' The language concerning a prescription or other authorization refers to an exemption rather than an element of the crime." Id. at 334. The Pegenau court referred to another Michigan case, People v. Henderson, 218 N.W.2d 2 (Mich. 1974), where the Supreme Court of Michigan interpreted the concealed weapon statute. That statute prohibited carrying a concealed weapon in an automobile unless the carrier held a license to do so. The Henderson court upheld language in the statute that placed on the defendant the burden to prove any exemption to the statute. The court concluded that any language in the statute referring to the absence of a license did not add

an element to the crime, but merely acknowledged that a person may be authorized (by holding a license) to carry a pistol.  See id. at 8.[5]  As in Pegenau, the operative words of Code § 18.2-250, defining the offense, are "knowingly or intentionally possess a controlled substance."

Thus, the exception language in Code § 18.2-250 is not an element of the offense, but rather an affirmative defense.  As a result, appellant was required to satisfy his burden of producing or pointing to evidence that would allow him to invoke the exception.  See Tart, 52 Va. App. at 280, 663 S.E.2d at 117.  Due process does not prohibit the use of inferences as procedural devices to shift to the accused the burden of producing some evidence contesting the otherwise presumed or inferred fact.  See Hodge v. Commonwealth, 217 Va. 338, 341, 228 S.E.2d 692, 695 (1976).  The Hodge Court held the "presumption that an unlawful homicide is murder in the second degree amounts to no more than an inference" which the trier of fact may draw from proven facts.  Id. at 343, 288 S.E.2d at 696.  However, the ultimate "burden of proof is always upon the Commonwealth, and *this burden never shifts.*"  Id. at 342, 228 S.E.2d at 695. Code § 18.2-263 is constitutionally valid, as it does not impermissibly shift the burden of proof to appellant or violate his due process rights.  The trial court correctly denied appellant's motion to dismiss.

Sufficiency

Finally, appellant argues the evidence was insufficient to convict him of violating Code § 18.2-250, because without the benefit of Code § 18.2-263, the Commonwealth failed to prove he did not have a valid prescription to possess the Schedule II controlled substances.

---

[5] While Henderson only applied to shifting the burden of production, the United States Supreme Court, in Patterson v. New York, 432 U.S. 197 (1977), held that a statute placing the burden of proof on the defendant does not violate due process as long as the fact the defendant is required to prove does not determine an essential element of the offense.  Id. at 210.

However, this argument rises or falls with the constitutionality of Code § 18.2-263. We have already determined that Code § 18.2-263 is valid. This conclusion disposes of appellant's sufficiency argument. Appellant was properly convicted under Code § 18.2-250.

<u>CONCLUSION</u>

We find that Code § 18.2-263 is constitutional and does not impermissibly shift the burden of proof to appellant. The trial judge properly denied appellant's motion to dismiss and convicted appellant, and we affirm that judgment.

<u>Affirmed.</u>