UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, Lorish and Senior Judge Petty

OMAR B. MOHAMMAD

v.     Record No. 0168-23-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
SEPTEMBER 12, 2023

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Michelle J. Atkins, Judge

(Lenita J. Ellis, on brief), for appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Suzanne Seidel Richmond, Assistant Attorney General, on brief), for appellee.

A jury convicted Omar Mohammad of possession of a firearm by a non-violent felon. The trial court imposed a total sentence of five years' incarceration with all but two years suspended. On appeal, Mohammad argues that the trial court erred in finding that the evidence was sufficient to sustain a conviction. Mohammad, however, failed to preserve this issue for appellate review. *See* Rule 5A:18. After examining the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). For the following reasons, we affirm the trial court's judgment.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND[1]

On August 20, 2021, Norfolk City police officers responded to 3839 Giles Circle for a reported shooting. Officers Washington and Waters spoke with the property owner and determined that his tenant, Omar Mohammad, was shot in the leg and had left for the hospital with his girlfriend. The officers entered the property and confirmed that no other people were present. They immediately found a .40 caliber Smith & Wesson handgun on a couch and a magazine of ammunition on the floor nearby. Washington cleared the firearm, which appeared inoperable,[2] and discovered an expended shell casing inside.

Officer Zeppieri went to Sentara Norfolk General Hospital to speak with Mohammad, who was being treated for a gunshot wound to the leg and groin. His body-worn camera captured Mohammad's interactions with medical staff and law enforcement officers. Mohammad stated that his friend had left the firearm in the residence and that the magazine fell out when Mohammad picked it up. He reached down for the magazine, and the gun fired. Mohammad conceded that he was handling the gun when it fired. Detective Todd later discovered that Mohammad was a felon. At trial, the Commonwealth introduced a 2019 sentencing order, without objection, establishing Mohammad's previous felony conviction.

---

[1] On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

[2] The firearm was "missing the magazine release and lock," so it required each round to be hand-loaded individually.

After the close of the Commonwealth's case, Mohammad moved to strike the charge and primarily argued that the Commonwealth had failed to establish proper venue for the prosecution.[3] The trial court denied Mohammad's motion. Mohammad presented no evidence and renewed his motion without further argument. The trial court did not rule on Mohammad's renewed motion, and the jury found Mohammad guilty of the firearm charge. The trial court sentenced Mohammad to five years' incarceration with three years suspended. Mohammad appeals.

## ANALYSIS

Mohammad argues that the trial court erred in finding the evidence sufficient to establish that he intentionally possessed the firearm, because he only possessed the weapon to move it from an "unsafe place." He concedes that he did not preserve this sufficiency claim in the trial court.[4] Nevertheless, he asks us to invoke Rule 5A:18's "good cause" and "ends of justice" exceptions to review the merits of his claim.

"The Court may only invoke the 'good cause' exception where an appellant did not have the opportunity to object to a ruling in the trial court; however, when an appellant 'had the opportunity to object but elected not to do so,' the exception does not apply." *Perry v. Commonwealth*, 58 Va. App. 655, 667 (2011) (quoting *Luck v. Commonwealth*, 32 Va. App. 827, 834 (2000)). Here, Mohammad not only had the opportunity to preserve his sufficiency claim with a motion to strike, but he also made such a motion, electing not to present this argument. *See Banks v. Commonwealth*, 67 Va. App. 273, 285 (2017) ("[M]aking one specific argument on an issue does

---

[3] In its response to his motion to strike, the Commonwealth addressed only Mohammad's venue argument. Mohammad did not amend or clarify his argument to include any challenge to whether the evidence proved the required intent.

[4] To the extent that Mohammad argues that he preserved his broader sufficiency claim by "mak[ing] the argument in part of his final argument," we disagree. *See Commonwealth v. Bass*, 292 Va. 19, 33 (2016) ("In a jury trial, the defendant preserves his objections to the sufficiency of the evidence . . . in a motion to strike at the conclusion of all the evidence or a motion to set aside the verdict if he . . . elect[s] to introduce evidence of his own.").

not preserve a separate legal point on the same issue for review." (quoting *Edwards v. Commonwealth*, 41 Va. App. 752, 760 (en banc))). Thus, Mohammad is not entitled to the application of the good cause exception.

"'The ends of justice exception is narrow and is to be used sparingly,' and applies only in the extraordinary situation where a miscarriage of justice has occurred." *Conley v. Commonwealth*, 74 Va. App. 658, 682 (2022) (quoting *Holt v. Commonwealth*, 66 Va. App. 199, 209 (2016) (en banc)). "In order to avail oneself of the exception, [the appellant] must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." *Holt*, 66 Va. App. at 210 (alteration in original) (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 221 (1997)). "To demonstrate a miscarriage of justice, appellant 'must show that either the conduct for which he was convicted is not a criminal offense or that the record affirmatively establishes that an element of the offense did not occur.'" *Jiddou v. Commonwealth*, 71 Va. App. 353, 374 (2019) (quoting *Le v. Commonwealth*, 65 Va. App. 66, 74 (2015)).

Here, Mohammad has failed to establish either of the prerequisites to the application of the ends of justice provision of Rule 5A:18. His only articulated arguments are that the Commonwealth failed to prove he "intentionally possessed" the firearm because he "was simply trying to ameliorate a possibly dangerous situation" and that he was entitled to a necessity defense for this reason. These arguments do not satisfy the exception's strict requirements.

The record does not affirmatively establish that Mohammad's conduct failed to constitute a criminal offense, but in fact establishes the opposite. Code § 18.2-308.2(A) forbids "any person who has been convicted of a felony . . . to knowingly and intentionally possess or transport any firearm or ammunition for a firearm." Mohammad does not challenge his status as a convicted felon. Further, he admitted that he intentionally handled the firearm. Thus, Mohammad's conduct firmly falls within the offense as set out by statute.

- 4 -

Turning to the question of whether the record affirmatively shows that an element of the offense did not occur, we find that Mohammad's contention fails to satisfy the exception's requirements. Mohammad argues that his true intent was to "attempt to act responsibly to protect persons from a weapon carelessly left on the floor," such that he acted out of necessity and did not intentionally possess the firearm. We find this argument unpersuasive.

Mohammad's contention misstates the required criminal intent for his charged offense. The Commonwealth must establish only that "the defendant intentionally and consciously possessed the [firearm] with knowledge of its nature and character." *Morris v. Commonwealth*, 51 Va. App. 459, 465-66 (2008). Mohammad does not assert that he did not physically possess the firearm, or that he failed to understand its nature and character. Accordingly, the record affirmatively establishes each of the necessary elements of the offense.

Additionally, Mohammad's claim, that his circumstances justified a necessity defense, is likewise without merit. A necessity defense does not negate intent—as Mohammad argues—but rather excuses otherwise criminal actions in light of extenuating circumstances. "The defense of necessity traditionally addresses the dilemma created when physical forces beyond the actor's control render 'illegal conduct the lesser of two evils.'" *Warren v. Commonwealth*, 76 Va. App. 788, 807 (2023) (quoting *Buckley v. City of Falls Church*, 7 Va. App. 32, 33 (1988)). The defense of necessity is an affirmative defense, for which a criminal defendant "may be required to bear all or part of the burden in establishing . . . 'once the facts constituting a crime are established beyond a reasonable doubt.'" *Tart v. Commonwealth*, 52 Va. App. 272, 276 (2008) (quoting

*Patterson v. New York*, 432 U.S. 197, 206 (1977)).[5] Mohammad fails to establish that the record supports his proposed defense. Finally, Rule 5A:18 requires more than the assertion of an unpursued trial strategy or defense. "It is never enough for the defendant to merely assert a winning argument on the merits—for if that were enough procedural default 'would never apply, except when it does not matter.'" *Winslow v. Commonwealth*, 62 Va. App. 539, 546 (2013) (quoting *Alford v. Commonwealth*, 56 Va. App. 706, 710 (2010)).

The record does not affirmatively establish that Mohammad was convicted for non-criminal conduct, nor does it show that an element of the offense remained unproven. Accordingly, we find that the ends of justice exception does not apply and we will not address Mohammad's assignment of error on the merits.[6]

CONCLUSION

For the foregoing reasons, we find that Mohammad did not preserve his assignment of error and that he is not entitled to application of Rule 5A:18's exceptions. Thus, we affirm the trial court's judgment.

*Affirmed*.

---

[5] This Court has held that to use the defense of necessity, a defendant must show "(1) a reasonable belief that the action was necessary to avoid an imminent threatened harm; (2) a lack of other adequate means to avoid the threatened harm; and (3) a direct causal relationship that may be reasonably anticipated between the action taken and the avoidance of the harm." *Edmonds v. Commonwealth*, 292 Va. 301, 306 (2016) (quoting *Humphrey v. Commonwealth*, 37 Va. App. 36, 45 (2001)).

[6] To the extent that Mohammad argues that arguing a necessity defense would create a new "scienter" or intent element to the charged offense, this assertion is made without authority, and we do not address it. Rule 5A:20(e).