COURT OF APPEALS OF VIRGINIA

Present:   Judges O'Brien, Malveaux and Callins
Argued at Alexandria, Virginia


**UNPUBLISHED**

ERIN HILLARY PAGE

v.      Record Nos. 0551-21-4

COMMONWEALTH OF VIRGINIA          MEMORANDUM OPINION[*] BY
                                 JUDGE MARY BENNETT MALVEAUX
ERIN HILLARY PAGE                     AUGUST 2, 2022

v.      Record No. 0565-21-4

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Douglas L. Fleming, Jr., Judge

Thomas K. Plofchan, Jr. (Westlake Legal Group, on brief), for
appellant.

Lindsay M. Brooker, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Erin Hillary Page ("appellant") appeals from the trial court's decision finding her in

violation of the terms of her probation and sentencing her to a period of incarceration. On

appeal, she argues that the trial court erred in removing her from an adult drug treatment court

program for "intractable behavior." Appellant also contends that her participation in the program

was contractually agreed through a written plea agreement and, by removing her from the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

program, the trial court denied her the benefit of her contract. For the following reasons, we affirm the decision of the trial court.[1]

## I. BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). "Accordingly, we discard any of appellant's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that reasonably may be drawn from that evidence." *Massie v. Commonwealth*, 74 Va. App. 309, 315 (2022).

In June 2019, appellant entered into a written plea agreement and pleaded guilty to two separate counts of distribution of heroin. In the plea agreement, appellant agreed to a sentence of at least eighteen months of active incarceration and eighteen months of suspended incarceration, followed by a supervised probationary period of at least three years. Appellant also agreed that upon successful completion of an adult drug treatment court program, the entirety of any sentence she had received would be suspended and she would be placed on supervised probation for the remaining period of the original three-year probationary term. The plea agreement also provided that should appellant fail to successfully complete the program, her previously suspended sentence would be imposed and she would have to serve "*at least* eighteen (18) months of active incarceration, and any other sentence imposed by the Court, and be placed on

---

[1] This Court granted appellant's uncontested motion to consolidate case numbers 0551-21-4 and 0565-21-4. In both matters, appellant noted an appeal from the trial court's revocation of her probation arising from convictions in 2018 that predated the offenses at issue in the plea agreement. However, on brief, appellant does not assign error to the trial court for that revocation decision. Accordingly, we do not address that ruling. *See* Rule 5A:20(c)(1) ("Only assignments of error listed in the brief will be noticed by this Court."); *Williams v. Commonwealth*, 270 Va. 580, 583 (2005) (applying the Supreme Court's analogous Rule 5:17(c) and holding that "[i]n the absence of . . . an assignment of error, consideration of [the appellant's] claims is . . . barred").

supervised probation for at least three (3) years." In the agreement, appellant acknowledged that she had "read through the Adult Drug Treatment Court Participant Handbook in its entirety," discussed it with her attorney, and understood its contents and terms, and that she would be required to comply with "any and all treatment programs" the drug court team deemed necessary.

By an order entered June 18, 2019, the trial court sentenced appellant to five years' incarceration, with three years suspended for each conviction. In accordance with the plea agreement, the trial court suspended execution of the sentences conditioned upon appellant's entry into, and successful completion of, the adult drug treatment court program. The trial court placed appellant on three years of supervised probation overseen by the adult drug treatment court.

On December 5, 2019, the trial court entered an order granting appellant's motion seeking permission to enroll in and complete a residential drug treatment program in Mississippi. The order provided that "[s]hould [appellant] be terminated or released from [the] residential treatment program before successfully completing [it, she] shall report to the Loudoun County Community Corrections Program within 48 hours of her termination/release." After probation officials learned that appellant had left inpatient treatment in Mississippi "against medical advice," appellant was arrested on a capias.

On March 9, 2020, the trial court conducted a hearing on the Commonwealth's allegations that appellant had violated the terms and conditions of the adult drug treatment court program. The Commonwealth informed the trial court that the termination request was based on appellant's

violation of the "intractable behavior clause that is part of the [program's] termination rules"[2] and appellant's failure to comply with the court's December 5, 2019 order.

The Commonwealth presented evidence in support of termination, including the testimony of Deputy Franz McCartan, the drug court deputy, who had reviewed appellant's jailhouse phone calls made after her arrest on the capias. Among other things, Deputy McCartan learned that appellant was "in contact with another participant while she was at residential treatment, and they engaged in sexual activity," including in "a treatment provider's office" and "behind a dumpster."

Appellant testified on her own behalf. When asked on cross-examination about the rules of the Mississippi residential treatment program and whether they "allow[ed] participants or residents to engage in intimate relationships," appellant replied that "[f]raternization is discouraged." Asked whether having sex "in somebody's office that's an administrator" was "okay," appellant responded, "I suppose it is controversial."

At the conclusion of the hearing, the trial court found appellant in violation of the terms and conditions of the adult drug treatment court program and terminated her from the program. The trial court cited "undisputed evidence before it that she was having sex with a treatment participant in [the residential] program in an administrator's office . . . as well as behind a dumpster." It further noted appellant's own testimony that "fraternization was . . . frowned upon. Those were her words. I take it that means it was a rule that you were not supposed to do it which means it was a rule that was violated . . . ." The trial court found that this was "profound evidence of intractable behavior,"

---

[2] That clause provided that "[o]n-going exhibition of intractable behavior[] as defined in [Code] § 19.2-303.3" could "result in automatic termination from the program." The Adult Drug Treatment Court Participant Handbook also provided the text of Code § 19.2-303.3(C), which defines "[i]ntractable behavior" as behavior that, "in the determination of the court, indicates an offender's unwillingness or inability to conform his behavior to that which is necessary for successful completion of local community-based probation or that the offender's behavior is so disruptive as to threaten the successful completion of the program by other participants."

and thus terminated appellant from the adult drug treatment court program. Appellant did not object to the trial court's ruling.

The parties reconvened on December 7, 2020 for sentencing on the distribution of heroin charges that were the subject of appellant's plea agreement and for a violation hearing with respect to appellant's probation for her 2018 convictions. After taking evidence, the trial court found appellant in violation of her probation. Additionally, the court ordered into execution appellant's original sentence that had been imposed at the time of the 2019 plea agreement and sentenced her to a total of ten years and three months' incarceration, with six years suspended. The court entered its written order on January 7, 2021.

On January 14, 2021, appellant filed a motion to withdraw her guilty pleas in which she argued that she had received ineffective assistance of counsel. The trial court stayed the finality of its sentencing order pending the motion's resolution, and on March 5, 2021, denied the motion. The court concluded that "having failed, through her own fault, to receive the full benefit of her plea agreement . . . via her participation in Drug Court," appellant was "now attempting to turn back the clock and get a redo on the guilt and sentencing phases of this case." The court then vacated its order staying the finality of the sentencing order.

This appeal followed.

## II. ANALYSIS

### A. "Intractable Behavior"

In her first assignment of error, appellant argues that the trial court erred in removing her from the adult drug treatment court program upon its finding of "intractable behavior." Specifically, she contends that "the trial judge imposed his own standard and determined that one who has a personal or sexual relationship is not serious about the Drug Court Program and as a consequence this permissible behavior was allegedly evidence of intractable behavior that required her removal

- 5 -

from the program." Appellant asserts that the trial court "made no finding of fact that [her] actions had any impact on her successful completion of the Program, [and] the [c]ourt's decision to terminate [her] from the Program was without legal justification."

We do not reach the merits of appellant's arguments because Rule 5A:18 bars our consideration of them. *See* Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice.").[3] "Rule 5A:18 contains the contemporaneous objection rule applicable to the Court of Appeals and parallels the requirements of the contemporaneous objection rule applicable to [the Supreme] Court as provided in Rule 5:25." *Commonwealth v. Bass*, 292 Va. 19, 26 (2016) (quoting *Maxwell v. Commonwealth*, 287 Va. 258, 264 (2014)). This rule "requires litigants to make their objections 'at a point in the proceeding when the trial court is in a position not only to consider the asserted error, but also to rectify the effect of the asserted error.'" *Id.* (quoting *Scialdone v. Commonwealth*, 279 Va. 422, 437 (2010)). The rule thereby ensures that the trial court may "rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals." *Stacey v. Commonwealth*, 73 Va. App. 85, 93 (2021) (quoting *Brown v. Commonwealth*, 279 Va. 210, 217 (2010)). Accordingly, "[n]ot just any objection will do. It must be both *specific* and *timely*—so that the trial judge would know the particular point being made in time to do something about it." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019) (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)).

Here, appellant failed to object to the trial court's determination that her conduct at the Mississippi residential treatment center constituted "intractable behavior" prohibited by the rules of

---

[3] We note that appellant does not argue on brief that the good cause or ends of justice exceptions to Rule 5A:18 apply with respect to this assignment of error. This Court will not apply those exceptions *sua sponte*. *See Williams v. Commonwealth*, 57 Va. App. 341, 347 (2010).

the adult drug treatment court program. Accordingly, she is now barred from arguing on appeal that the trial court erred in so ruling.[4]

## B. Denial of the Benefit of a Contract

In her second assignment of error, appellant argues that the trial court erred in removing her from the adult drug treatment court program because her participation in it was part of a written plea agreement, and by removing her, the trial court denied her the benefit of her contract. Appellant acknowledges that she reviewed the program's participant handbook before entering the program but argues that it "is silent with regard to any restrictions on her ability to have adult relationships or intimate adult relationships with consenting adults not involved" in the program. Accordingly, appellant contends that the court erred as a matter of law, and consequently abused its discretion, by

---

[4] During oral argument, counsel for appellant contended that Rule 5A:18 is not controlling here. Relying on language from *Maxwell*, counsel for appellant argued that an issue is preserved for appellate review where a party either "make[s] an objection and [states] the reasons therefor" or "make[s] known the action you desire the court to take." Since it was apparent that the "action" appellant wished the court to take was "to deny a finding of intractability," counsel for appellant contended, the issue of intractable behavior was preserved for appellate review.

We are not convinced by this argument. The language from *Maxwell* relied upon by counsel for appellant is in fact the language of Code § 8.01-384(A), which provides a statutory exception to the contemporaneous objection rule. However, as noted by both *Maxwell* and *Commonwealth v. Amos*, 287 Va. 301 (2014), a companion case decided the same day as *Maxwell*, the statutory exception to the contemporaneous objection rule cited by appellant is narrow and applies only where a trial court denies a party the opportunity to raise a contemporaneous objection. *See Amos*, 287 Va. at 307-08 (noting that the contemporaneous objection rule "focuses on the actions of the litigant" and that "[w]hen failure to raise a contemporaneous objection . . . results from a party's actions, the contemporaneous objection exception of Code § 8.01-384(A) does not apply, and the preservation issue will be decided under the provisions of Rule 5A:18 or Rule 5:25" and accompanying case law; only "when a party is denied the opportunity to raise a contemporaneous objection, [will] the . . . exception . . . appl[y]"); *Maxwell*, 287 Va. at 269 (rejecting the argument that issues were preserved for appellate review under Code § 8.01-384(A) because "[n]othing in the record supports a finding that [the second appellant] had no opportunity to make a contemporaneous objection"). Here, appellant had the opportunity to make a specific and timely objection to the trial court's ruling that she had engaged in "intractable behavior" and thus merited removal from the adult drug treatment court program, but she did not act to make such an objection. Accordingly, the exception provided by Code § 8.01-384(A) to her obligation under the contemporaneous objection rule does not apply.

"making a finding that [appellant's] actions that were not prohibited by the rules of the Program somehow violated the terms of the Program." Thus, appellant argues, failure to reverse the trial court's judgment "deprives her of the benefit of her bargain and illegally compels her to suffer for failing to meet 'conditions' that were not contemplated in her bargain."

As with her first assignment of error, appellant failed to preserve this issue for our review— in this instance, because she never argued below that the trial court's order terminating her participation in the adult drug treatment court program denied her the contractual benefit of her plea agreement. Appellant neither made this argument to the court at the December 7, 2020 hearing on her participation in the program, nor did she make it in her motion to withdraw her guilty pleas, which concerned itself solely with the issue of effectiveness of counsel. Appellant's failure to argue to the trial court that her plea agreement contractually entitled her to remain in the program prevents her from now arguing this claim on appeal. *See* Rule 5A:18; *Buck v. Commonwealth*, 247 Va. 449, 452-53 (1994) (applying the Supreme Court's analogous Rule 5:25 and holding that the appellant's "failure to raise these [particular] arguments before the trial court precludes him from raising them for the first time on appeal"); *Andrews v. Commonwealth*, 280 Va. 231, 274 (2010) (applying Rule 5:25 and holding that the appellant's assignment of error was barred from appellate review because he "rais[ed] a different argument on appeal than was asserted in the circuit court at the time of the ruling being challenged").[5]

### III. CONCLUSION

Because Rule 5A:18 bars our consideration of appellant's assignments of error, we affirm the trial court's judgment.

*Affirmed.*

---

[5] As with her first assignment of error, appellant does not argue that the good cause or ends of justice exceptions to Rule 5A:18 apply with respect to this assignment of error, and we will not apply those exceptions *sua sponte*. *See Williams*, 57 Va. App. at 347.