COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Chaney and Senior Judge Annunziata

JOHN FRANCIS GRIMES

MEMORANDUM OPINION[*]

v.      Record No. 1486-22-4            PER CURIAM
                                        SEPTEMBER 19, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
David Bernhard, Judge

(Peter D. Greenspun; Liza Greenspun Yang; Greenspun Shapiro PC,
on briefs), for appellant.

(Jason S. Miyares, Attorney General; Lindsay M. Brooker, Assistant
Attorney General, on brief), for appellee.

Following a jury trial, John Francis Grimes was convicted of three counts of taking custodial

indecent liberties with a minor, in violation of Code § 18.2-370.1. He challenges the sufficiency of

the evidence to prove that he maintained a "custodial" or "supervisory" relationship with the victim

at the time of the offenses. After examining the briefs and record in this case, the panel

unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."

Code § 17.1-403(ii)(a); Rule 5A:27(a). The trial court's judgment is affirmed.

BACKGROUND

On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the

prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)

(quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires us to "discard the

evidence of the accused in conflict with that of the Commonwealth, and regard as true all the

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

N.A. was 16 years old when she met Officer Grimes in July 2019 while participating in the Fairfax County Police Department's Explorers Program. N.A. accompanied Grimes on four "ride-alongs" between July and December 2019, each of which lasted approximately ten hours. Eventually, N.A. and Grimes spent time together outside the program, meeting at the gym and sharing meals. Grimes and N.A. exchanged phone numbers and began texting each other daily. They also communicated through social media and phone calls. Over time, the relationship became sexual. Grimes met N.A. at a home where she was dog-sitting and engaged in vaginal and oral sex with her. On another occasion, N.A. and Grimes had sexual intercourse at his home.

On December 5, 2019, Grimes was interviewed as part of an employment application for a position with the FBI. When Grimes was asked whether he had committed any "serious crimes," he disclosed that he had recently developed "a close friendship . . . with a 16-year-old girl . . . he had met with the police cadet program." He denied any sexual activity but admitted that he was attracted to the girl and that they had kissed. Grimes's wife knew that he exchanged texts with the girl, but she did not know about the kiss. When the FBI interviewed N.A., she initially corroborated Grimes's claim that they had only kissed; nevertheless, the FBI turned the matter over to the Fairfax County Police Department for investigation. In February 2021, N.A. changed her account and told the police about the sexual nature of her relationship with Grimes. At trial, Grimes denied engaging in any sexual acts with N.A. beyond a single kiss that N.A. initiated.

At the conclusion of the evidence, Grimes moved to strike, asserting that the evidence failed to establish that the alleged offenses occurred in Fairfax County or that N.A. was "not emancipated." In the alternative, Grimes argued that the evidence proved only a single offense, not three. The trial court denied the motion and submitted the case to the jury. The jury convicted

Grimes of three offenses of custodial indecent liberties, and the trial court sentenced Grimes to incarceration for 15 years, with 13 years and 5 months suspended.  This appeal followed.

ANALYSIS

Code § 18.2-370.1 prohibits, in pertinent part, certain sexual acts by a "person 18 years of age or older who . . . maintains a custodial or supervisory relationship over a child under the age of 18 and is not legally married to such child and such child is not emancipated."  Grimes contends that the evidence was insufficient to support his convictions because it failed to prove that he maintained a custodial or supervisory relationship over N.A.  In his motions to strike at trial, however, Grimes challenged the sufficiency of the evidence on wholly different grounds, focusing on whether the evidence proved that (i) N.A. was not emancipated; (ii) the offenses occurred in Fairfax County; and (iii) Grimes committed three offenses.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice."  Rule 5A:18.  "Procedural-default principles require that the argument asserted on appeal be the same as the contemporaneous argument at trial."  *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019).  "[N]either an appellant nor an appellate court should 'put a different twist on a question that is at odds with the question presented to the trial court.'"  *Id.* at 744 (quoting *Commonwealth v. Shifflett*, 257 Va. 34, 44 (1999)).

> In a jury trial, the defendant preserves his objections to the sufficiency of the evidence in a motion to strike at the conclusion of the Commonwealth's case if he elects to not introduce evidence of his own, or in a motion to strike at the conclusion of all the evidence or a motion to set aside the verdict if he does elect to introduce evidence of his own.

*Commonwealth v. Bass*, 292 Va. 19, 33 (2016); *see also Sabol v. Commonwealth*, 37 Va. App. 9, 20 (2001) (same).  Plainly, Grimes never argued to the trial court that the evidence failed to

prove that he was in a "custodial" or "supervisory" relationship with the victim or, if so, that he "maintained" such a relationship at the time of the offenses.  Accordingly, because Grimes did not afford the trial court the opportunity to rule on the arguments he presents on appeal, this Court cannot reach these arguments.

"Although Rule 5A:18 contains exceptions for good cause or to meet the ends of justice," Grimes does not invoke these exceptions in his opening brief, and "we will not invoke them *sua sponte*." *Williams v. Commonwealth*, 57 Va. App. 341, 347 (2010).  In response to the Commonwealth's assertion that he waived his sufficiency arguments, Grimes contends in his reply brief "[t]o the extent that this Court feels there was not a sufficient objection to the sufficiency of the evidence, the application of Rule 5A:18 allows this appeal to be considered."  He then quotes the entire text of Rule 5A:18.  Grimes does not explicitly invoke either of Rule 5A:18's exceptions; nor does he offer any argument supporting their application.  To warrant application of an exception in Rule 5A:18, "a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred."  *Edwards v. Commonwealth*, 41 Va. App. 752, 761 (2003) (en banc) (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 221 (1997)).

Even if Grimes invoked an exception in Rule 5A:18 by quoting it, he waived application of such an exception by raising it for the first time in his reply brief.  *Palmer v. Atlantic Coast Pipeline, LLC*, 293 Va. 573, 580 (2017) (holding that an argument raised for the first time in reply brief was waived); *Whitley v. Commonwealth*, 223 Va. 66, 79 n.2 (1982) (declining to consider "a non-jurisdictional question raised for the first time in a reply brief filed in this Court"); *Jeter v. Commonwealth*, 44 Va. App. 733, 740-41 (2005) (holding that arguments cannot be developed for the first time in a reply brief or at oral argument).  Therefore, we cannot reach the sufficiency arguments Grimes raised on appeal.

## CONCLUSION

For the foregoing reasons, this Court affirms the trial court's judgment.

*Affirmed.*