# COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Athey, Callins and Frucci
Argued at Salem, Virginia


JOSEPH F. LANCASTER

MEMORANDUM OPINION[*] BY
v.      Record No. 1480-23-3      JUDGE STEVEN C. FRUCCI
JANUARY 14, 2025

SHAWN A. SWEENEY, ET AL.


FROM THE CIRCUIT COURT OF THE CITY OF STAUNTON
Anne F. Reed, Judge

Evan D. Mayo (Tremblay & Smith, PLLC, on briefs), for appellant.

James S. Liskow (Jeffrey A. Ward; Decaro, Doran, Siciliano,
Gallagher & DeBlasis, LLP; Franklin, Denney, Ward & Strosnider,
PLC, on brief), for appellees.


Following a plea in bar that had been submitted to a jury, the Circuit Court of the City of

Staunton granted, in part, the pleas in bar of Shawn A. Sweeney ("Shawn"), Melvin E. Sweeney

("Melvin"), Sweeney Construction & Development, Ltd. ("SCDL"), Sweeney Construction

Group, LLC ("SCG"), and Sweeney Construction, Ltd. ("SCL") (collectively, "appellees") on

the basis that res judicata prevented Joseph F. Lancaster from bringing forward his current

claims against the appellees and that collateral estoppel prevented Lancaster from bringing

forward his claim of breach of contract against SCG, SCL, and SCDL.  On that same day, the

circuit court entered an order denying Lancaster's "Motion To Reconsider Order On Pleas-In-

Bar."  Claiming that the evidence presented to the jury on the plea in bar was insufficient to find

that res judicata or collateral estoppel barred his current claims, Lancaster appeals the circuit

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

court's order. For the reasons below, we find that Lancaster's assignment of error was insufficient and dismiss the appeal.

BACKGROUND

In 2016, Lancaster entered into two contracts with SCG for the construction of a freestanding garage and an addition to his personal residence in Staunton, Virginia. Prior to the construction being completed, Shawn, the sole member of SCG, became ill, so he asked his father, Melvin, to assist by managing subcontractors.[1] Sometime later, a dispute arose surrounding payment for work done on Lancaster's property. At that time, Lancaster met with Melvin and Shawn, where he told them he had no intention of paying the outstanding invoices.

As a result, SCG filed a warrant in debt against Lancaster in the General District Court of the City of Staunton. Following, SCG filed a bill of particulars. Then, Lancaster filed his grounds of defense, in which he asserted that there were issues with contractors and SCG's employees, that the work performed was deficient and delayed, that the invoices were non-compliant with the contract, that no building permit was ever issued, and that SCG materially breached its agreement with Lancaster. He did not, however, assert any counterclaims. The general district court then conducted a trial on the warrant in debt (the "general district court trial"). Ultimately, the general district court ruled in favor of SCG. Lancaster attempted to appeal the case to the circuit court, but the appeal was dismissed.

Following the dismissal of the appeal, Lancaster brought the current case in the circuit court against the appellees in relation to the contracts with SCG and the work done on his property. Demurrers to both the complaint and an amended complaint were sustained in part. As a result, Lancaster filed a second amended complaint. In it, he brought counts of: (1) fraud in

---

[1] Shawn is also the vice president of SCDL and SCL. Melvin is the president of SCDL and SCL.

the inducement as to all the appellees; (2) civil conspiracy as to Melvin and Shawn; (3) breach of contract as to SCG, SCDL, and SCL; (4) violation of the Virginia Consumer Protection Act as to all the appellees; (5) "reformation of the garage and house contracts as to SCL"; and (6) fraudulent conveyance as to Shawn and Melvin. In response, appellees filed pleas in bar, arguing that Lancaster's claims were "barred by the doctrine of res judicata and/or that [Lancaster was] collaterally estopped [from] assert[ing] his claims."

On May 10, 2023, the pleas in bar were tried before a jury. As neither side brought a court reporter to the general district court trial, there was no transcript of the proceeding. As such, without objection, appellees entered into evidence the related general district court's records and exhibits (such as the photographs, invoices, and permit) used at the general district court trial for the jury to consider.[2] Lancaster also testified as to what happened during the general district court trial. According to Lancaster, he presented evidence related to his grounds of defense and claims that the work was deficient, not done in a workmanlike manner, "abandoned, and things still needed to be done" at the general district court trial.

At the close of appellees' cases, appellees "move[d] for summary judgment" and Lancaster "move[d] to strike." Lancaster first argued there was no evidence of privity between the appellees and then argued that Code § 16.1-88.01 made it to where Lancaster "could not have brought this argument" as a counterclaim in the general district court. The circuit court denied both motions at that time and found enough evidence was presented to send the matter to the jury. Lancaster did not put on any evidence, and at the close of his case, both sides renewed their prior motions using the "same reasons as . . . stated before." The circuit court denied those motions.

---

[2] The circuit court record from the appeal that was dismissed, along with Lancaster's second amended complaint in the current case, was also admitted as evidence.

Following, outside of the presence of the jury, the circuit court, appellees' attorneys, and Lancaster's attorney discussed the jury instructions and verdict sheets. Over Lancaster's objection, the circuit court removed the question "[d]o you find that . . . Lancaster made a claim for relief in general district court in regard to that [which] was decided on the merits by a final judgment" from the verdict sheets. Lancaster objected to the removal because he argued "whether he made a claim for relief" was "a factual issue" that was necessary to determine because Rule 1.6 (the Virginia Supreme Court Rule on res judicata) "specifically applies and mentions a party who has made a claim for relief." After finalizing the verdict sheets and instructions, they returned to the jury, the jury was instructed, and closing arguments given.

After deliberation, the jury found that all the appellees were in privity with or a party in the general district court trial and that the causes of action in the current case "arose out of the same conduct, transaction, or occurrence as the causes of action" in the general district court trial. Regarding SCG, SCL, and SCDL, the jury also found that the issues of fact in Lancaster's breach of contract claim in the current case were actually litigated in the general district court trial and were essential to its final judgment. After the jury was dismissed, appellees asked the circuit court to grant the pleas in bar. The circuit court asked Lancaster's attorney what his response to this was. He said that "there is some question in my mind as to whether . . . Lancaster was a party in whose claim for relief . . . as to whether a defendant is capable as a matter of law of representing other parties whose claim for relief was previously made." Lancaster then "move[d] for a judgment notwithstanding the verdict, on the issue of res judicata, based on the failure to prove any evidence in the record as to privity." The circuit court then orally granted the pleas in bar.

Later, Lancaster filed a "Motion to Reconsider Order on Pleas-in-Bar" that requested the circuit court "set aside the jury's verdict" because "the verdict [was] unsupported by the law of

res judicata because . . . Lancaster [was] not a party whose claim for relief was previously decided." On July 25, 2024, the circuit court heard and denied his motion. Also on that day, the circuit court entered an order granting the pleas in bar as to all the appellees on the basis of res judicata. It also granted the pleas in bar as to the breach of contract claim against SCG, SCL, and SCDL on the basis of collateral estoppel. This appeal follows.

ANALYSIS

Lancaster's assignment of error in his opening brief states:

> Circuit [c]ourt erred in denying Plaintiff -Appellant's motion for a judgment notwithstanding the verdict on the basis that the evidence presented was insufficient as a matter of law to support the verdict because the plaintiff was not a "party whose claim for relief arising from identified conduct, a transaction, or an occurrence, was decided on the merits by a final judgment . . . ."

In stating his assignment of error, Lancaster argues that he "was never a party against whom the principles of res judicata or collateral estoppel could apply." Importantly, Lancaster's assignment of error: (1) does not assign error to the granting of the plea in bar but instead to the court's denial of his "motion for a judgment notwithstanding the verdict"; and (2) is specific that the issue was "the evidence presented was insufficient . . . to support the *verdict*." The assignment of error is insufficient in numerous ways that prevent this Court from being able to address the case on its merits.

Lancaster's assignment of error does not "clearly and concisely" list the specific errors in the circuit court's rulings below.[3] *See* Rule 5A:20. Firstly, Lancaster's assignment of error

---

[3] Additionally, Lancaster's assignment of error also contains issues that were not properly preserved. For example, while Lancaster now claims that he "was never a party against whom the principles of res judicata or collateral estoppel could apply," Lancaster did not actually argue to the circuit court that the principles of collateral estoppel did not support the jury verdict. As that argument was not ruled upon by the circuit court, "there is no ruling for [this Court] to review" and it is waived under Rule 5A:18. *Williams v. Commonwealth*, 57 Va. App. 341, 347 (2010) (quoting *Fisher v. Commonwealth*, 16 Va. App. 447, 454 (1993)).

ignores the fact that it was not the jury who determined whether Lancaster was a "party whose claim for relief arising from identified conduct, a transaction, or an occurrence, was decided on the merits by a final judgment." In fact, the circuit court specifically removed such a determination from the jury.[4] Therefore, there is no "jury verdict" regarding whether Lancaster was a "party whose claim for relief arising from identified conduct, a transaction, or an occurrence, was decided on the merits by a final judgment." Secondly, Lancaster specifically places issue with the circuit court's denial of his "motion for a judgment notwithstanding the verdict" in his assignment of error, a motion he made at the plea in bar hearing in which he only argued that there was insufficient evidence to support the jury finding that the appellees were in privity with one another and ultimately did not get a ruling from the circuit court on the issue. It was only in his later "Motion to Reconsider Order on Pleas-in-Bar" that he truly began to argue that Lancaster was not a "party whose claim for relief arising from identified conduct, a transaction, or an occurrence, was decided on the merits by a final judgment." These deficiencies in the assignment of error prevent it from adequately referencing in the record where an alleged error on part of the circuit court took place. *See* Rule 5A:20(c). Overall, the assignment of error fails to "address the findings, rulings, or failures to rule on issues in the trial court or other tribunal from which an appeal is taken." Rule 5A:20(c)(2). As such, the appeal must be dismissed.

CONCLUSION

For the foregoing reasons, we dismiss the appeal.

*Dismissed.*

---

[4] A ruling made by the circuit court that Lancaster does not assign error to in his assignment of error. *See* Rule 5A:20(c)(1) (stating "[o]nly assignments of error listed in the brief will be noticed by this Court").