COURT OF APPEALS OF VIRGINIA

Present:   Judges O'Brien, Fulton and White
Argued at Buckingham, Virginia


HUDSON HIGHLAND COLLECTIONS, LLC, ET AL.

                                              MEMORANDUM OPINION[*] BY
v.        Record No. 0533-24-2          JUDGE KIMBERLEY SLAYTON WHITE
                                                  SEPTEMBER 23, 2025
BRIAN WESLEY BARGER, JR.


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Jacqueline S. McClenney, Judge

S. Keith Barker (S. Keith Barker, P.C., on briefs), for appellants.

David C. Reinhardt (Reinhardt Vandenbrook, PLLC, on brief), for
appellee.


Hudson sued Barger under a guaranty of debt after Barger's company defaulted on the debt.

Barger filed a third-party complaint for contribution from his co-guarantors towards any judgment

Hudson might receive.  Hudson won judgment on its underlying claim, but Barger's third-party

complaint remained to be litigated.  The parties filed various motions for which rulings were not

obtained, until Barger nonsuited his third-party complaint.  At a hearing on the remaining motions

several months later, the trial court sua sponte found that it had lost jurisdiction over the entire case

twenty-one days after entry of the nonsuit order.

Hudson argues that the nonsuit order was not final and that the circuit court erroneously

determined that it no longer had jurisdiction to decide the pending motions.  Finding the nonsuit

order to be final and the remaining assignments of error not to be preserved, we disagree and affirm

the judgment.

_____

[*] This opinion is not designated for publication.  See Code § 17.1-413(A).

UNPUBLISHED

BACKGROUND

This appeal arises from an attempt to collect a debt. This appeal has a companion case: *Barger v. Hudson Highland Collections, LLC*, Record No. 2188-23-2.

On May 16, 2018, lender South State Bank executed a Credit Agreement with borrower Restoration Builders, LLC to provide the latter with a $100,000 revolving line of credit. The Credit Agreement's terms lasted one year and provided that any unpaid amount be due at the end of that time. Brian W. Barger, the appellee here, and Thomas J. Flanagan ("Tom") signed the Credit Agreement as managers of Restoration Builders. Barger is also Restoration's president.

Barger, Tom, and Tom's father, Michael P. Flanagan ("Mr. Flanagan"), agreed to become guarantors of Restoration Builders' debt under the Credit Agreement should Restoration fail to fulfill its terms ("Guaranty"). The Guaranty allowed South Side Bank to assign the Credit Agreement and the Guaranty without notice to the three guarantors.

South Side Bank assigned the Credit Agreement and the Guaranty to Hudson Highland Collections, LLC ("Hudson"), the appellant here. On May 16, 2019, the Credit Agreement reached its date of maturity, though Restoration Builders had failed to make any payments on it. That day, Hudson sent Barger a letter demanding the "full amount of the sum due from you as guarantor" by the end of the day. Barger failed to pay, and Hudson sued him the following month.

In July 2019, Barger filed a third-party complaint asking for one-third contributions toward his liability from Mr. Flanagan and from Tom as guarantors of the Credit Agreement. But Barger and Tom agreed to dismiss the third-party complaint's demand for contribution from Tom after Tom filed for bankruptcy in July 2020. In February 2021, the trial court granted Barger's motion to bifurcate his third-party complaint from Hudson's underlying claim and

continue the third-party complaint to another date. The trial court ruled for Hudson on the underlying claim on March 26, 2021.

Barger's third-party complaint against Mr. Flanagan for contribution remained to be litigated. On January 5, 2023, Barger filed a motion for sanctions against Hudson for improperly issuing a garnishment summons against Restoration Builders. He also filed a motion to reconsider, vacate, or set aside the trial court's final March 26 order awarding judgment to Hudson on the underlying suit.

In August 2023, Hudson filed its second motion for sanctions against Barger for alleged misrepresentations to the court. The following month, Barger filed a supplemental motion to reconsider, vacate, or set aside the court's final March 26 order.

Trial for Barger's third-party complaint was set for November 17. But on November 8, he moved to nonsuit his third-party complaint under Code § 8.01-380. The court granted the nonsuit the following day and dismissed the third-party complaint without prejudice. The court's November 9 order granting the nonsuit did not purport to retain jurisdiction to decide any pending motions.

In December 2023, Mr. Flanagan and Hudson filed two joint motions, one to modify an earlier protective order, the other requesting sanctions against Barger for the third time. The same day, Hudson filed a motion asking the court to add to the March 26 final order's money award to reflect the fact that payments were only made in the summer of 2022, "long after" the final order of March 26, 2021, and further requesting that the court rule on the two joint motions it had just filed.

In February 2024, the trial court held a hearing on these and other pending motions. But the court asked the parties to first address whether its November 2023 nonsuit order was final and so terminated its jurisdiction over the case and related motions twenty-one days after the

nonsuit order's entry. On February 27, the court ruled that the November 2023 nonsuit order was indeed final, ending its jurisdiction over the case pursuant to Rule 1:1 ("final order"). Hudson moved the court to suspend, reconsider, and vacate the final order, which the trial court denied on March 18.

## ANALYSIS

Hudson and Mr. Flanagan appeal the circuit court's February 27, 2024 order concluding that the November 9, 2023 nonsuit order was a final order, and its March 18, 2024 order declining to reconsider the February 27, 2024 order. In their first assignment of error, as in Hudson's first assignment of cross-error in the companion case, Hudson and Mr. Flanagan assert that the circuit court incorrectly found that the November 9, 2023 nonsuit order was a final order. Hudson and Mr. Flanagan assert three additional assignments of error. We conclude that each are waived.

Regarding the first assignment of error, we note that nonsuit orders are "generally treated as final orders for purposes of Rule 1:1." *Kosko v. Ramser*, 299 Va. 684, 687 (2021). "[U]nder Rule 1:1, 'final [orders] . . . remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer.'" *Super Fresh Food Mkts. of Va., Inc. v. Ruffin*, 263 Va. 555, 560 (2002) (third alteration in original) (quoting Rule 1:1(a)). Here, the trial court's order to nonsuit Barger's third-party complaint was final. It dismissed the third-party complaint's only claim, namely its request for contribution from Mr. Flanagan, and did not purport to retain jurisdiction. Moreover, the court did not issue any subsequent order to interrupt the running of the twenty-one day period. That period ran out on November 30, 2023, at which point the circuit court lost jurisdiction over the third-party complaint notwithstanding any pending motions. Thus, the court's February 2024 final order noting that its jurisdiction over Barger's third-party claim was at an end is correct.

- 4 -

In their second assignment of error, Hudson and Mr. Flanagan argue that because Barger originally stated to the circuit court that he had no objection to the court's ruling that the nonsuit order was a final order, Barger is estopped from obtaining a ruling on his motion to reconsider. This assignment of error does not challenge any decision by the circuit court; rather, it asserts an argument against a ruling the circuit court might hypothetically make if the case were remanded. "An assignment of error that does not address the findings, rulings, or failures to rule on issues in the trial court . . . is not sufficient." Rule 5A:20(c)(2). Therefore, we decline to consider this assignment of error.

Additionally, even if the assignment of error is sufficient, Hudson and Mr. Flanagan made no request for a ruling from the court on this issue. "Because [Hudson and Mr. Flanagan] did not obtain a ruling from the trial court on [this issue], 'there is no ruling for [this Court] to review' on appeal, and [their] argument is waived under Rule 5A:18." *Williams v. Commonwealth*, 57 Va. App. 341, 347 (2010) (third alteration in original) (quoting *Fisher v. Commonwealth*, 16 Va. App. 447, 454 (1993)).

In their third assignment of error, Hudson and Mr. Flanagan argue that by filing a nonsuit of the third-party claim, Barger abandoned his motion to reconsider the judgment for Hudson and therefore waived his challenge to the judgment for Hudson. Like the second assignment of error, this one does not challenge a ruling by the circuit court and is therefore insufficient. *See* Rule 5A:20(c)(2). We decline to consider it for the same reasons. Similarly, Hudson and Mr. Flanagan did not obtain a ruling from the circuit court on this issue, so even if the assignment of error is sufficient, we conclude that the argument is waived under Rule 5A:18. *See Williams*, 57 Va. App. at 347.

Hudson and Mr. Flanagan's fourth assignment of error challenges the circuit court's failure to rule on their motion to modify a protective order. They argue that the court's failure to rule on

the motion due to lack of jurisdiction was erroneous because "protective orders can be modified after a judgment is final." But the first and only time that they raised this issue to the circuit court was in their written objections to the court's February 27, 2024 order, which they filed March 18, 2024. They did not make the argument in their motion to reconsider the February 27, 2024 order.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of this contemporaneous objection requirement is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015). "Not just any objection will do. It must be both specific and timely—so that the trial judge would know the particular point being made in time to do something about it." *Hogle v. Commonwealth*, 75 Va. App. 743, 755 (2022) (quoting *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019)).

Here, Hudson and Mr. Flanagan raised the issue of the court's ability to rule on the protective order in written objections filed March 18, 2024—the same day that the court entered its decision denying their motion to reconsider. Generally, a party may preserve an error in a written objection on a final order or if submitted to a circuit court before entry of the order. *See* Code § 8.01-384(A) (providing that "[a]rguments made at trial via . . . recital of objections in a final order . . . unless expressly withdrawn or waived" are preserved); *Levisa Coal Co. v. Consolidation Coal Co.*, 276 Va. 44, 56 n.4 (2008) (holding that an objection was preserved when it was submitted "in the written objections submitted to the court prior to the entry of the final order"). But it remains a party's obligation to raise an objection to the trial court at a time when it can rule on the objection, and then to obtain such a ruling. *Bethea*, 297 Va. at 743; *Schwartz v. Commonwealth*, 41 Va. App.

- 6 -

61, 71 (2003). Thus, when a party fails to obtain a ruling on a matter presented to a trial court, there is "no ruling to review on appeal." *Schwartz*, 41 Va. App. at 71.

The circuit court's March 18, 2024 order does not reference this argument by Hudson and Mr. Flanagan relating to a court's ability to modify a protective order. The order does not mention Hudson and Mr. Flanagan's written objections to the February 27, 2024 order. Thus, it does not appear from the record that the circuit court was made aware of the argument and given a fair opportunity to rule on it. "To satisfy the rule, 'an objection must be made . . . at a point in the proceeding when the trial court is in a position, not only to consider the asserted error, but also to rectify the effect of the asserted error.'" *Scialdone v. Commonwealth*, 279 Va. 422, 437 (2010) (alteration in original) (quoting *Johnson v. Raviotta*, 264 Va. 27, 33 (2002)). Therefore, we conclude that Hudson and Mr. Flanagan waived their fourth assignment of error by failing to preserve the issue for appeal through a timely objection. Rule 5A:18; *see Hogle*, 75 Va. App. at 755-56.

## CONCLUSION

We reject Hudson and Mr. Flanagan's first assignment of error because the nonsuit order was final. We decline to consider the remaining three assignments of error because they were not preserved for appeal. Thus, we affirm.

*Affirmed*.